UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deborah Ross-Jagunich,                    Case No. 16-cv-151 (PAM/KMM)

          Plaintiff,

v.                                         **MEMORANDUM AND ORDER**

David E. McIsaac,

          Defendant.
_____

This matter is before the Court on Defendant David E. McIsaac's Motion to Dismiss. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

McIsaac and Plaintiff Deborah Ross-Jagunich were involved in a vehicle collision on I-35 in Chisago County, Minnesota, on December 15, 2015. In her Complaint, Ross-Jagunich alleges that she is a resident and citizen of Minnesota and that McIsaac is a resident and citizen of Wisconsin. She brought this lawsuit seeking damages in tort, invoking the Court's diversity jurisdiction. (Compl. ¶ 1, 2.)

McIsaac contends that diversity is lacking because he has lived in Duluth, Minnesota, since March 27, 2013. (Def.'s Ex. 5.) He lived with his girlfriend, Cheryl Olson, from approximately October 2014 until October 2015 at 2627 West 2nd Street in Duluth. (Def.'s Aff. ¶ 3.) Since November 2015, and at the time of both the accident and filing of the lawsuit, McIsaac was living with his stepdaughter and her boyfriend at 2616 West 2nd Street in Duluth, across the street from his previous residence. (Def.'s Aff. ¶ 4,

see also Steagall Aff. ¶ 4.)  McIsaac asserts that he is domiciled in Minnesota for purposes of determining diversity of citizenship.

Ross-Jagunich argues that McIsaac is domiciled in Wisconsin.  She notes that McIsaac had been a resident of Wisconsin for forty-four years before this action, and that he had a Wisconsin driver's license at the time of the collision. (Wittmer Aff. ¶ 2.)  She also recalls McIsaac saying, "I'm not even from here, I'm from Wisconsin," to arresting officers following the collision. (Pl.'s Aff. ¶ 2.)  McIsaac asserts that he has never lived at the address on his driver's license, but rather used a third party's address because he was eligible for a license in Wisconsin but not in Minnesota. (Def.'s Aff. ¶ 5.)

**DISCUSSION**

28 U.S.C. § 1332 provides that: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."  The only issue raised in this Motion is a lack of diversity of citizenship.

**A.**     **Considering Evidence Outside the Pleadings**

Because McIsaac questions the Court's subject-matter jurisdiction, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).  "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id.; see also Satz v. ITT Fin. Corp., 619 F.2d 738, 742

(8th Cir. 1980) (stating that a district court may consider materials outside the pleadings such as depositions or affidavits in determining whether there is a lack of subject matter jurisdiction).

**B.     Domicile**

"For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous." Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). "To acquire a domicil[e] of choice, the law requires the physical presence of a person at the place of the domicil[e] claimed, coupled with the intention of making it his present home. When these two facts concur, the change in domicil[e] is instantaneous." Spurgeon v. Mission State Bank, 151 F.2d 702, 706 (8th Cir. 1945). "A change in domicile requires only the concurrence of (1) physical presence at the new location with (2) an intention to remain there indefinitely, or the absence of any intention to go elsewhere." Holmes v. Sopuch, 639 F.2d 431, 433 (8th Cir. 1981).

McIsaac began claiming the address at 2616 West 2nd Street in Duluth as early as March 27, 2013. (See Def.'s Ex. 5.) Both McIsaac and Ms. Steagall (his stepdaughter) claim that McIsaac lived with his girlfriend, Ms. Olson, from approximately October 2014 to October 2015 at 2627 West 2nd Street in Duluth. (Def.'s Aff. ¶ 3, see also Steagall Aff. ¶ 6.) In November 2015, McIsaac moved across the street to live with Ms. Steagall and her boyfriend at the 2616 West 2nd Street address he began representing as his own in 2013. (Def.'s Aff. ¶ 4, Steagall Aff. ¶ 4.)

This unrebutted evidence establishes "the physical presence of a person at the place of the domicile claimed." <u>Spurgeon</u>, 151 F.2d 702 at 705. McIsaac has been residing in Duluth for at least one and a half years.

McIsaac's intent to remain in Minnesota can be inferred from a number of facts. Chief among them is the length of time he has spent in Duluth. But McIsaac also set up a bank account and updated his address with various entities to reflect his new address in Minnesota, and has been receiving mail at that address. (<u>See</u> Def.'s Ex. 2.) Moreover, when McIsaac ceased living with his girlfriend in 2015, he stayed in Duluth with his stepdaughter rather than returning to Wisconsin. The record is also devoid of a valid address for McIsaac in Wisconsin. This is further evidence of an "absence of any intention to go elsewhere." <u>Holmes</u>, 639 F.2d at 433.

Ross-Jagunich relies on evidence regarding McIsaac's long history of residing in Wisconsin, his driver's license, and his own alleged statements to establish that he is a citizen of Wisconsin. However, McIsaac explains that he provided a false address to obtain his Wisconsin driver's license because he was not eligible to reinstate his suspended Minnesota driver's license. (Def.'s Aff. ¶ 5.) Further, neither a party's prior residence nor his statements are relevant to establishing current domicile, unless those facts show the absence of intent to remain in Minnesota. Thus, the fact that McIsaac has asserted that he is "from Wisconsin," and lived in Wisconsin for many years, is not by itself relevant to the Court's inquiry.

4

**CONCLUSION**

The evidence McIsaac presents, including the length of his residency in Minnesota and apparent desire to remain, establishes that McIsaac is domiciled in Minnesota. Complete diversity is therefore lacking and this matter must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Docket No. 8) is **GRANTED**; and

2. Plaintiff's Complaint (Docket No. 1) is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: Thursday, July 7, 2016         *s/ Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge